IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| KATHERINE B. MOORE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.: __3:20-cv-789__ |
| | ) |
| RIVERSIDE REGIONAL JAIL AUTHORITY | ) |
| d/b/a Riverside Regional Jail | ) |
| Serve:        Col. Larry J. Leabough, Supt. | ) |
|                    Riverside Regional Jail | ) |
|                    500 FOLAR Trail | ) |
|                    North Prince George, VA 23860 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Katherine B. Moore ("Moore"), by counsel, states as follows as her Complaint against defendant Riverside Regional Jail Authority d/b/a Riverside Regional Jail ("RRJ," the "Jail," or "Defendant").

### NATURE OF ACTION

1.      This is an action under the Family Medical Leave Act ("FMLA"). On or about October 22, 2018, the Jail denied Moore's request to remain as a Watch Commander – which also entailed a promotion to First Lieutenant at the facility – because she had used her FMLA leave earlier in 2018 and was expected to use *new* leave in 2019. As the then-Superintendent explained, "we know you missed a significant amount of time [earlier in the year]" and "we need somebody who's going to be *here* [at the facility; not on leave]." Indeed, the Jail had even noted Moore's FMLA leave in her annual performance evaluation -- done just one month before it denied Moore her promotion. These actions violate the FMLA, and thus Moore now brings this lawsuit to hold the Jail liable for its unlawful conduct.

1

**JURISDICTION AND VENUE**

2.      Jurisdiction is conferred on this Court herein by 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, and Local Rule 3(B)(4), as this is the district and division where a substantial part of the events or omissions giving rise to the claim occurred.

**PARTIES**

4.      Moore is an individual resident of McKenney, Virginia. At all relevant times herein, she was a covered employee under the FMLA.

5.      RRJ is a covered employer for purposes of the FMLA.

**FACTS**

**A.    MOORE'S WORK HISTORY AT THE JAIL**

6.      From 1997 through June of 2019, Moore was employed by the Jail.  She began her employment as a sworn officer and worked her way through the promotional process to the position of Lieutenant.

7.      At the time of her retirement in June 2019, Moore had been a Lieutenant at RRJ for approximately twenty (20) years.

8.      In addition, Moore also served for many years as a Watch Commander at the Jail. The position, which is supervisory in nature, involves a substantial amount of administrative work, requires working 12-hours rotations (instead of 8-hour rotations), and requires working every other weekend and holidays.  Moore first became a Watch Commander in 1999 and then, after a short period where she did not hold that position, served again as a Watch Commander from 2002 through 2018.

**B.    MOORE'S AUTOMOBILE ACCIDENT AND HER FMLA LEAVE IN 2018**

9.     In August 2017, Moore was involved in a serious automobile accident. As a result, she required serious medical care, including neck surgery in March of 2018.  This care required Moore to be out of work from February 9, 2018 through June 19, 2018.

10.     As a result of her necessary medical treatment, Moore applied for, was approved for, and received twelve (12) full weeks of FMLA leave for the year 2018.  According to the Jail's FMLA policy, Moore then would be eligible again to take FMLA -- if she so needed -- at the beginning of 2019.

11.     Moore returned to full-time work at the Jail on or about June 20, 2018 and had no work limitations at that time.  Soon thereafter, Moore also resumed the duties of Watch Commander at the Jail.

**C.    MOORE APPLIES TO STAY IN THE WATCH COMMANDER POSITION, BUT THE JAIL, CITING HER PREVIOUS FMLA LEAVE, REJECTS HER APPLICATION**

12.      On October 3, 2018, at the monthly Lieutenants' meeting, Col. Jeffrey Newton, the Jail's then-Superintendent, announced an update to the organization design for the facility. Among other things, the Jail would have a new rank, called "First Lieutenant," and the persons with this new rank would be the only ones serving as Watch Commanders for the Jail.  "Watch Commander," thus, became synonymous with the new higher rank. As well, the new rank came with a roughly 14% increase in salary.

13.     Later that day, Moore's direct supervisor, Major Doug Upshaw, e-mailed her and others to ask them if they wished to become or remain Watch Commanders.  Moore responded that she "wish[ed] to remain."

14.     Two weeks later, however, the Jail rejected Moore's wish.  Specifically, despite expressing her clear intent to remain a Watch Commander, Col. Newton told Moore on October

22, 2018, that she would no longer hold that position.  Col. Newton's decision also meant that Moore would not be given the new rank of First Lieutenant or the new raise.

15.     When Moore asked Col. Newton how he reached his decision, he said "Well, you know, you missed a substantial amount of time" this year (referring to her prior FMLA leave) and "we need somebody who's going to be here."  In other words, Col. Newton punished Moore for taking her prior FMLA leave and her *expected* use of future leave.

16.     Indeed, Major Upshaw confirmed Col. Newton's motives not long thereafter. In a private conversation, Major Upshaw told Moore that prior to the meeting between her and Col. Newton, he had told Col. Newton that he "heard" that Moore had to have "two more surgeries" and that as such, they would need to cover for her again in the future.  He also told Col. Newton: "why not get somebody *there* [i.e., someone who, unlike Moore, would be at the Jail without needing to take leave]?" Col. Newton, therefore, acted on his belief about both Moore's *past* use of FMLA leave and her potential *future* use of FMLA leave.

17.     That Moore's use of FMLA leave had creeped into the minds of those at the Jail was further evidenced by the fact that it was expressly mentioned in Moore's 2018 personnel evaluation.  Specifically, in the section on "Attendance," Major Upshaw rated Moore a "3" and oddly wrote: "Lieutenant Moore has used FMLA this year due to a car accident, but is faithful in coming into work on time."

18.     Then, even more curiously, in the section on "Reliability," Major Upshaw wrote "Lieutenant Moore is very dependable and reliable *when she is at work performing her duties*." (emphasis added).  Nothing close to this kind of language – i.e., language that mentioned her being "at work" -- appeared in Moore's 2017 evaluation.  To the contrary, in the "Reliability" section, it said: "Can be depended upon to handle the responsibilities of the position."

**D.**   **AFTERMATH**

19.   After being rejected for the Watch Commander/First Lieutenant position (which ultimately went to a lesser qualified sergeant who had to be given special promotions in order to qualify him for that position), Moore decided to retire in June 2019.

20.   If the Jail had not unlawfully rejected her for the Watch Commander/First Lieutenant position, Moore would not have retired and, instead, would have remained at RRJ for at least four more years.  She also would have worked until she was eligible for a "flop" lump sum payment that is an extra type of retirement benefit.

### COUNT I:
### VIOLATION OF THE FMLA - RETALIATION

21.   The allegations of paragraphs 1-20 are realleged as if fully set forth herein.

22.   Under the FMLA, it is unlawful for an employer to interfere with or retaliate against an eligible employee for exercising her rights under the Act – especially, for example, with respect to taking protected FMLA leave.

23.   One way an employer unlawfully interferes with an employee's FMLA rights is to use her "request for or use of FMLA leave as a negative factor in employment actions, such as . . . promotions." 29 C.F.R. § 825.220(c),  Another is counting her "FMLA leave . . . under no fault attendance policies."  *Id.*

24.   Here, RRJ retaliated against Moore for using her FMLA leave in early and mid 2018 and her *expected* use of FMLA leave in 2019 as a negative factor against her when it rejected her application to be a Watch Commander/First Lieutenant.

25.   As a direct result of RRJ's actions, Moore has suffered lost wages (e.g. lost increased salary) from November 1, 2018 (the effective date of the promotion) and June 2019 (her retirement date) and lost front pay for the time period thereafter.

26.     Additionally, RRJ's unlawful actions were intentional and not in good faith, so as to entitle Moore to receive liquidated damages under the FMLA.

WHEREFORE, Plaintiff requests this Honorable Court to:

(a) Accept jurisdiction of this case.

(b) Award Plaintiff compensation for loss of salary and other benefits, including back pay and front pay and all fringe benefits to which she would have been entitled had she not been unlawfully denied the promotion to Watch Commander/First Lieutenant and then not been compelled to retire early. Such damages shall be in an amount in excess of $500,000.00, the exact amount to be determined at trial.

(c) Grant Plaintiff liquidated damages against RRJ.  Such damages shall be in an amount in excess of $500,000, the exact amount to be determined at trial.

(d) Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law.

(e) Grant Plaintiff her reasonable expenses, costs and attorneys' fees, pursuant to the FMLA.

(f) Grant such other and further relief as to the Court seems just and proper.

**A TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

KATHERINE B. MOORE

By:     s/ Richard F. Hawkins, III
        Virginia Bar Number: 40666
        THE HAWKINS LAW FIRM, PC
        2222 Monument Avenue
        Richmond, Virginia 23220
        (804) 308-3040 (telephone)
        (804) 308-3132 (facsimile)
        Email: rhawkins@thehawkinslawfirm.net

        Counsel for Plaintiff